UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO.: 05-60149-CR-COHN/TORRES

Plaintiff,

v.

MICHAEL McKAY and ROBERT McKAY,

Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL

**THIS CAUSE** is before the Court upon Defendant Robert McKay's Renewed Motion for Judgment of Acquittal, Motion for New Trial [DE 248] and Defendant Michael McKay's Motion for Judgment of Acquittal and Motion for New Trial [DE 252].[1] The Court has carefully considered the Motions, Government's Response [DE 269], and is otherwise fully advised in the premises.

### I. BACKGROUND

Defendants Michael McKay and Robert McKay were elected officers of the American Maritime Officers Union ("AMO Union"), a labor organization that represents licensed officers serving in the United States flag merchant fleet. Both Defendants were indicted and charged with racketeering conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1962 (Count One), Mail Fraud in violation of 18 U.S.C. § 1341 (Counts Four and Nine), and Failure to Maintain Records Required by the Labor Management Reporting

---

[1] Defendant Robert McKay adopted the arguments contained in Defendant Michael McKay's Motion [DE 276].

and Disclosure Act ("LMRDA") in violation of 29 U.S.C. §§ 436 and 439(a) (Count Twelve).  Additionally, Michael McKay was charged with Theft or Embezzlement from Employee Benefit Plan in violation of 18 U.S.C. § 664 (Count Two), Mail Fraud in violation of 18 U.S.C. § 1341 (Count Ten), and Falsification of Records and Certified Information Pertaining to Employee Benefit Plan in violation of 18 U.S.C. § 1027 (Count Eleven), and Robert McKay was charged with Embezzlement from a Labor Organization in violation of 29 U.S.C. § 501(c) (Count Eight) and False Entry in Records Required by the LMRDA in violation of 29 U.S.C. §§ 436 and 439(a) (Count Thirteen).  A jury found the Defendants guilty on all counts except Count Two.

Defendants now move for a judgment of acquittal or a new trial arguing that there was insufficient evidence to support their convictions.  Federal Rule of Criminal Procedure 29(c)(2) provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."  The Court must review the evidence in the light most favorable to the Government and enter a judgment of acquittal only where it determines that no reasonable juror could find that the evidence established guilt beyond a reasonable doubt.  United States v. Calderone, 169 F.3d 718, 720 (11th Cir. 1999); United States v. Salazar, 958 F.2d 1285, 1291 (5th Cir. 1992).

## II.  COUNTS FOUR, NINE AND TEN

The Defendants first argue that the evidence presented regarding mail fraud was insufficient to sustain the jury's guilty verdict as to Counts Four, Nine and Ten.[2]  Count Four related to the mailing of the annual Form LM-2 Report of the AMO Union to the

---

[2] Count Ten charges Defendant Michael McKay only.

Department of Labor in late June or early July 2000 which covered the Union's activities from March 26, 1999, through March 31, 2000. Count Nine addresses the mailing of the LM-2 Report for the period from April 1, 2000, through March 31, 2001 on June 29, 2001. Count Ten relates to the annual ERISA Form 5500 Report mailed to the Department of Labor on July 16, 2001 and encompassing the AMO Vacation Plan's activities from October 1, 1999, through September 30, 2000. The evidence showed that each of the above-referenced forms were improperly filed because they failed to properly categorize or include funds used to cover false expenses or reimbursements.

The Defendants argue that the jury's verdict should not survive because 1) the mailings occurred well after the primary act alleged to constitute the fraudulent activity - the making of illegal campaign contributions; 2) there was no proof that Michael McKay was involved in the preparation or mailing of the ERISA Form 5500 addressed in Count Ten; 3) the Government failed to establish that the misclassification of expenses was material; 4) the Government did not establish that Michael McKay submitted any false vouchers or receipts in the years covered by the LM-2 Reports in Counts Four and Nine; and 5) the Government failed to prove that Robert McKay acted with criminal intent.

The Government presents a detailed recitation of the evidence introduced at trial as to Counts Four, Nine and Ten. Specifically, with regard to Counts Four and Nine, the Government cites to the testimony of Department of Labor expert witness Kay Oshel who established how the LM-2 reports addressed in Counts Four and Nine were falsified and why the misclassified entries were misleading or potentially misleading. The Government also refers to the false expense reports submitted by Robert McKay

and the testimony of Thomas Kelly who discussed how Kelly made a $1,000 political contribution to Congressman Dan Young and then inflated his expenses to ensure that he was reimbursed by the Union for his contribution. As to Count Ten, the Government references the taped conversations played for the jury in which Michael McKay authorized the Plans to pay bonuses to reimburse Plan employees for making political contributions and to pay bonuses to employees who did not make such contributions in order to conceal the scheme.

In light of the evidence presented at trial regarding Counts Four, Nine and Ten, the Court finds that a reasonable juror could have found that the Government proved the Defendants' guilt beyond a reasonable doubt.

### III. COUNT ONE

Defendants next argue that they should be acquitted of Count One. Defendants state that since the convictions for Counts Four, Nine and Ten lack evidentiary support, the Government has failed to prove predicate acts sufficient to sustain the conviction for RICO conspiracy. Additionally, Defendants argue that the Government failed to establish that they controlled the enterprise or engaged in a pattern of racketeering activity.

As the Court has determined herein, the evidence against Defendants for Counts Four, Nine and Ten was sufficient to support the jury's guilty verdict. Therefore, the Government met its burden of establishing to a reasonable juror that the Defendants committed at least two predicate acts of racketeering. The Court need not address whether any two of the other 83 predicate acts listed in the Government's response was sufficient to support the conviction.

The Court also finds that the evidence was sufficient to support the jury's findings that both Defendants had control over the monies expended by the Union. As outlined in the Government's Response, it was established that Michael McKay was the Union President who participated in many specific activities showing his domination and control over the Union. For example, he ensured that his long-time friend served as Executive Director of the Plans, directed payment of employee bonuses, approved payment of inflated invoices, and authorized payment for repairs of his two dive boats. Likewise, in his position as the Union's Secretary-Treasurer, Robert McKay had a fiduciary duty to the Union to ensure that its monies were properly expended and recorded. The evidence showed that he breached that duty when he authorized payment of bonuses to himself and others and lived in the Plan's housing rent-free.

Based on this evidence, the Court finds that a reasonable juror could find that the Government met its burden of proof as to Count One against both Defendants.

## IV. COUNT ELEVEN

Michael McKay argues that the proof provided to convict him of Count Eleven suffered from the same defects as Count Ten. As the Court has already determined that his Motion is denied as to Count Ten, it follows that it shall also be denied as to Count Eleven.

## V. COUNT TWELVE

Defendants next argue that they should be acquitted as to Count Twelve because the evidence at trial proved that the records were detailed and well-maintained. The Government alleges that the testimony of Kay Oshel and Ernest Tolve established that Defendants failed to comply with the Union's policies for reporting and

therefore failed to meet the minimum standards required by the LMRDA. After reviewing the evidence presented at trial, the Court finds that a reasonable juror could have found that the evidence established Defendants' guilt as to Count Twelve beyond a reasonable doubt.

## VI. COUNT THIRTEEN

Finally, Robert McKay argues that he should be acquitted for his conviction of Count Thirteen. As stated by the Government, the testimony of Kay Oshel, Ernest Tolve and the four restaurant employees established a basis for a reasonable jury to find that the Government established beyond a reasonable doubt that Robert McKay falsified records required by the LMRDA. Therefore, this portion of Defendant Robert McKay's Motion shall also be denied.

## VII. CONCLUSION

Based on the foregoing, the Court finds that the evidence at trial was sufficient to support the jury's guilty verdicts as to Counts One, Four, Nine, Ten, Eleven, Twelve and Thirteen. Therefore, it is **ORDERED AND ADJUDGED** that Defendant Robert McKay's Renewed Motion for Judgment of Acquittal, Motion for New Trial [DE 248] and Defendant Michael McKay's Motion for Judgment of Acquittal and Motion for New Trial [DE 252] are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 21st day of March 2007.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record